IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIAM D. JOHNSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-079-A |
| | § | |
| MANSFIELD JAIL, ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the complaint filed by William D. Johnson naming Mansfield Jail/Law Enforcement Center, Tarrant County Sheriff's Department, Tarrant County Fort Worth Police Department [sic], Tarrant County Jail, and Tarrant County as defendants.

I.

Plaintiff's Claims

Briefly, plaintiff is complaining that when he was arrested and placed in the Tarrant County Jail, he was not allowed to bring his walker or cane. He says he cannot walk without them. Plaintiff was transferred to the Mansfield Jail, where he told jailers he could not walk without assistance. The jailers told plaintiff that there was nothing wrong with him and pushed into a cell. Plaintiff fell and broke his hip. A jailer again told him there was nothing wrong with him and grabbed plaintiff's leg and started twisting, telling plaintiff to get up. At that point,

another jailer said to stop because plaintiff was hurt. Plaintiff was taken to Mansfield Methodist Hospital where he had surgery and stayed three weeks. Plaintiff describes the relief he seeks as getting his "medical taken care of" and certain unidentified officers to be brought to justice. Doc.[1] 1 at 5.

II.

Evaluation of the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from governmental entities, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998). Section 1915A(b)(1) provides for sua sponte dismissal if the court finds that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in either fact or law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

In evaluating whether the complaint states a valid claim for relief, the court construes the allegations of the complaint

---

[1] The "Doc." reference is to the number of the item on the court's docket in this action.

2

favorably to the pleader. <u>Warth v. Seldin</u>, 422 U.S. 490, 501 (1975). However, the court does not accept conclusory allegations or unwarranted deductions of fact as true, and a plaintiff must provide more than labels and conclusions or a formulaic recitation of the elements of a cause of action. <u>Twombly</u>, 550 U.S. at 555; <u>Tuchman v. DSC Commc'ns Corp.</u>, 14 F.3d 1061, 1067 (5th Cir. 1994).

Having now considered the allegations in the complaint, the court concludes that it should be dismissed under the provisions of 28 U.S.C. § 1915A.

III.

<u>Analysis</u>

Plaintiff names five defendants. Four of them are not governmental units capable of being sued. <u>Darby v. Pasadena Police Dep't</u>, 939 F.2d 311, 313 (5th Cir. 1991). The proper defendant instead of Mansfield Jail/Law Enforcement Center is the City of Mansfield; the proper defendant instead of Tarrant County Fort Worth Police Department is the City of Fort Worth; and the proper defendant instead of Tarrant County Sheriff's Department and Tarrant County Jail would be Tarrant County. <u>Rogers v. Nueces County Jail</u>, No. C-07-410, 2007 WL 4367814, *4 (S.D. Tex. Dec. 13, 2007). The court is considering for purposes of evaluation of the complaint that the proper parties had been named.

3

A governmental entity, such as a city or county, can be subjected to monetary damages or injunctive relief only if one of its official policies caused a person to be deprived of a federally protected right. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). A governmental entity cannot be held liable under a theory of respondeat superior or vicarious liability. Id. Instead, liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation." Connick v. Thompson, 563 U.S. 51, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted). To hold a city or county liable under § 1983 thus requires plaintiff to "initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Dept., 130 F.3d 162, 167 (5th Cir. 1997) (internal quotation marks and citation omitted). Therefore, liability against local government defendants pursuant to § 1983 requires proof of a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001).

4

The Fifth Circuit has been explicit in its definition of an "official policy" that can lead to liability on the part of a governmental entity, giving the following explanation in an opinion issued en banc in response to a motion for rehearing in Bennett v. City of Slidell:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.
>
> Actions of officers or employees of a municipality do not render the municipality liable under § 1983 unless they execute official policy as above defined.

735 F.2d 861, 862 (5th Cir. 1984) (per curiam).

In this case, plaintiff has not alleged any facts to support a claim against any of the named defendants. The only basis for liability based on the allegations made would be respondeat superior, which, as stated, is not sufficient.[2] It occurs to the court, however, that plaintiff may have intended to include as

---

[2] Any potential criminal liability of individual jailers is a matter that should be addressed to state authorities. In any event, the individual jailers are not named as defendants in this action.

defendants the individuals he says mistreated him. Accordingly, the court will give plaintiff an opportunity to do so.

IV.

Order

The court ORDERS that plaintiff's claims in the above-captioned action against City of Mansfield, City of Fort Worth, and Tarrant County be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. 1915A(b).

The court further ORDERS that by February 19, 2016, plaintiff inform the court by written filing whether he intends to pursue claims against any individuals based on the facts he alleges in his complaint and providing all information he has that will identify such individuals and state what each of them did to cause harm to plaintiff.

SIGNED February 2, 2016.

_____
JOHN McBRYDE
United States District Judge